980 F.2d 739
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Albert Leon LANCASTER, Defendant-Appellant.
 No. 92-50099.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 5, 1992.
Decided Dec. 3, 1992.
 
 Before WALLACE, Chief Judge, and TROTT and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Defendant Lancaster appeals his sentence because a codefendant received a lesser sentence from a different judge. Lancaster pled guilty to misprison of a felony in violation of 18 U.S.C. § 4 (1988). His codefendant also pled guilty to the same offense. The Guideline range for Lancaster's codefendant was 27 to 33 months. Judge Stephen V. Wilson departed downward, however, and sentenced the codefendant to a six month term of imprisonment and a year of supervised release. Judge William Matthew Byrne, Jr. sentenced the defendant to 24 months, the low end of the Guideline range, 24 to 30 months. Judge Byrne refused a request to depart downward on the basis that Judge Wilson had sentenced Lancaster's codefendant to six months. Lancaster now appeals his sentence.
 
 
 3
 The district court had jurisdiction over this case pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291.
 
 
 4
 * VENUE
 
 
 5
 Lancaster argues the government's assignment of two codefendants to two separate United States District Judges without informing the court or defense counsel was a "venue violation." Lancaster further argues the "venue violation" created a disparity of sentences precluded by the Sentencing Guidelines. This argument is without merit. The defendant is simply complaining he should have been in Judge Wilson's court, not Judge Byrne's. This has nothing to do with venue. Moreover, Judge Byrne offered Lancaster the opportunity to withdraw his guilty plea and return to the Northern District of Texas, where he was arrested, for trial and/or sentencing. Lancaster refused this offer.
 
 II
 DOWNWARD DEPARTURE
 
 6
 Defendant argues the district court erred by refusing to depart downward on the basis of the disparity in sentences given to Lancaster and his codefendant. This court has no jurisdiction to review a district court's discretionary decision not to depart from the Sentencing Guidelines. United States v. Morales, 972 F.2d 1007, 1011 (9th Cir.1992). Thus, this court does not have jurisdiction to review this issue.
 
 
 7
 Moreover, this court has expressly held that a downward sentencing departure to correct a sentencing disparity among codefendants is contrary to the requirements of the Sentencing Guidelines. In United States v. Mejia, 953 F.2d 461, 468 (9th Cir.1991), cert. denied, 112 S.Ct. 1983 (1992), this court held:
 
 
 8
 This court has specifically reserved the question whether a district court may depart downward for the purpose of avoiding unequal treatment of codefendants. Enriquez-Munoz, 906 F.2d 1360 n. 8. We now answer that question in the negative. Basic notions of fairness dictate that defendants should be sentenced in proportion to their crimes. The Sentencing Guidelines attempt to ensure that all defendants receive like sentences for like crimes. A departure to correct sentencing disparity brings a defendant's sentence more into line with his or her codefendant's sentence, but places it out of line with sentences imposed on all similar offenders in other cases. See Enriquez-Munoz, 906 F.2d at 1359-60. The greater uniformity trumps the lesser disparity.
 
 
 9
 Mejia 953 F.2d at 468. Mejia ends this court's inquiry.
 
 III
 SELECTIVE PROSECUTION
 
 10
 Defendant argues the case should be dismissed on the grounds of selective prosecution or governmental misconduct. Selective prosecution requires the defendant prove the "selection was deliberately based on an unjustifiable standard, such as race, religion, or other arbitrary classification." United States v. Steele, 461 F.2d 1148, 1151 (9th Cir.1972). There was no evidence of discrimination in the record.
 
 
 11
 Defendant also claims the Government failed "to tell the District Judge about the facts and moreover attempted to conceal them from the court." It is true that defense counsel first raised the issue of the codefendant's sentence with Judge Byrne. However, after Judge Byrne asked for information regarding the codefendant's sentencing before Judge Wilson, the government fully complied with the court's requests. We hold there was no governmental misconduct in this case.
 
 IV
 CONCLUSION
 
 12
 There is no merit to the defendant's argument that the assignment of the codefendants to two separate judges for sentencing was a violation of venue. This court has no jurisdiction to review the district court's refusal to depart downward from the Sentencing Guidelines. There is no evidence in the record of either selective prosecution or governmental misconduct.
 
 
 13
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3